IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MALINDA HOFFMAN**,

               Plaintiff,

        v.

**FOREMOST SIGNATURE INSURANCE COMPANY**,

               Defendant.

_____

**Civ. No. 6:12-cv-01534-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

       Plaintiff Malinda Hoffman, an individual residing in Lane County, Oregon, lost her manufactured home to fire on August 22, 2011. At the time of loss, plaintiff's home was covered by a homeowners insurance policy issued by defendant. After an initial investigation into possible arson, defendant paid $177,378.50 per policy. However, because of ongoing disagreements in contractual interpretation, plaintiff filed this breach of contract action. This Court, in summary judgment proceedings, awarded summary judgment to defendant on four of plaintiff's eight "counts" [1] and summary judgment to plaintiff on one "count." The parties subsequently settled and now plaintiff seeks attorney fees in the amount of $85,127.73. The issue before this Court is whether plaintiff's sought attorney fees, $85,127.72, are reasonable under ORS § 742.061 (2013). [2] Because plaintiff's sought fees can be apportioned between her

---

[1] This Court uses the term "count" to help distinguish between plaintiff's distinct allegations of contractual breach.
[2] Oregon law determines plaintiff's entitlement to fees because this is a diversity case. *See, e.g.*, *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995).

successful and unsuccessful counts and otherwise reduced for reasonableness, this Court awards plaintiff attorney fees in the amount of $41,280.43. Thus, plaintiff's motion for attorney fees, ECF No. 54, is GRANTED IN PART and DENIED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of a claim that plaintiff filed under her Foremost Signature homeowners insurance policy. On August 22, 2011, plaintiff's manufactured home caught on fire and was subsequently determined to be a total loss. Defendant, having determined the loss was covered per policy, ultimately paid $177,378.50. However, because plaintiff contested this recovery, she filed a claim for breach of contract with this Court.

In her complaint, plaintiff sought damages for additional fire losses and expenses, including: dwelling; replacement dwelling expenses; personal property; additional living expenses; building ordinance and law expenses; debris removal expenses; landscape and other miscellaneous damages; and other structures. This Court, in an opinion responding to cross motions for summary judgment, granted defendant summary judgment as to plaintiff's claims under the "Replacement Dwelling," "Ordinance or Law," and "Debris Removal" provisions of the contract. *See* Opinion & Order 3, 17, 19, ECF No. 45. Likewise, this Court granted plaintiff summary judgment as to plaintiff's claim under the "Personal Property" provision of the contract. *Id.* at 21. Plaintiff's award, although narrower than sought in the complaint ("up to $28,000"), included "prejudgment interest [at nine percent] from May 9, 2012 until September 20, 2012 on the $10,500 payment." *Id.* This Court's findings are summarized as follows:

**Table 1**

| Coverage Claim "Count" | This Court's Ruling | Plaintiff's Outcome |
|---|---|---|
|  |  |  |

| Replacement Dwelling | Summary judgment for defendant. | Unsuccessful. |
|---|---|---|
| Other Structures | Summary judgment for defendant granted in part and denied in part.[3] | Unresolved. |
| Personal Property | Summary judgment for plaintiff granted in part and denied in part.[4] | *Successful.* |
| Additional Living Expenses | A genuine issue of material fact remained. | Unresolved. |
| Debris Removal | Summary judgment for defendant. | Unsuccessful. |
| Ordinance & Law | Summary judgment for defendant. | Unsuccessful. |
| Landscape & Miscellaneous | Not included in either parties' motion | Unresolved. |
| Duty of Good Faith & Fair Dealing | Summary judgment for defendant. | Unsuccessful. |
| Affirmative Defense: Judicial Estoppel | Summary judgment denied for defendant. | *Successful.*[5] |

Following this Court's decision, the parties settled the case for $7,500. Decl. of Clinton Tapper, 1–4, ECF No. 55-7. Under the terms of the settlement, plaintiff released defendant from all claims excluding plaintiff's "prevailing party attorney fee claim, pursuant to ORS 742.061." *Id*. at 1. Plaintiff now seeks $85,127.72 in attorney fees under ORS § 742.061 (2013).

## STANDARD OF REVIEW

ORS § 742.061 (2013), in relevant part, provides:

(1) Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery

---

[3] Plaintiff's surviving "Other Structures" claim was limited to the actual value of her lost three qualifying other structures. Opinion & Order 18, ECF No. 45.

[4] Plaintiff's personal property recovery was limited to interest accruing between May 9, 2012, and September 20, 2012. *Id*. at 21.

[5] The parties contest whether defendant would have been allowed to present evidence as to the nature of certain personal property. However, defendant's argument is precluded because this Court found summary judgment in plaintiff's favor as to plaintiff's personal property claim.

3 – OPINION AND ORDER

exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

"By its terms, [ORS § 742.061(1)] makes reasonableness, not a particular formula, the lodestar for an award of attorney fees to an insured who prevails in a policy claim against his or her insurer." *Country Mut. Ins. Co. v. White*, 212 Or. App. 323, 333 (2007) (internal quotation marks omitted). To determine reasonableness, this Court looks to the factors identified in ORS § 20.075(1)–(2) (2013). *See, e.g.*, *Grisby v. Progressive Preferred Ins. Co.*, 233 Or. App. 210, 216–217, 221 (2010).

ORS § 20.075(2), in relevant part, states:

[This] court shall consider the factors specified in subsection (1) . . . . [and] the following factors . . .

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

Likewise, the subsection (1) factors include:

4 – OPINION AND ORDER

(a) The conduct of the parties in the transaction or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

(b) The objective reasonableness of the claims and defenses asserted by the parties.

(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

(h) Such other factors as the court may consider appropriate under the circumstances.

ORS § 20.075(1). Because of the scope of this inquiry, this Court first looks to the arguments articulated by the parties. See *Dockins v. State Farm Ins. Co.*, 330 Or. 1, 6 (2000) ("[O]ur analysis largely will be framed by the opponent's objections to a petitioner's request.").

## DISCUSSION

Defendant contends that plaintiff's sought attorney fees are unreasonable and should be reduced because of plaintiff's limited success. In response, plaintiff argues that apportionment is inapplicable. This Court first looks to the applicability of apportionment.

## I. Apportionment

5 – OPINION AND ORDER

Plaintiff, having met the requirements of ORS § 742.061 (2013),[6] is entitled to attorney fees. *See, e.g.*, *Petersen v. Farmers Ins. Co. of Oregon*, 162 Or. App. 462, 466 (1999) ("[ORS § 20.075] does not apply to the decision 'whether to award attorney fees' under ORS 742.061."). This Court must now consider whether to apportion plaintiff's sought fees—$85,127.73—between plaintiff's successful and unsuccessful/unresolved claims.

In *Freedland v. Trebes*, 162 Or. App. 374, 378 (1999), the Court found:

> Statutes that authorize an award of attorney fees to a party who succeeds or prevails in a proceeding authorize an award for the fees reasonably incurred to achieve the success that the party actually achieved. If the party asserts several claims that are subject to an award of fees but prevails on only one of them, fees can be awarded only for the time reasonably necessary to prevail on the sole claim on which the party prevailed. That does not necessarily mean that time devoted to the other claims may not be recoverable. If, for example, there are common issues among the claims, it may not be necessary to apportion the fees between the claim on which the party succeeded and those on which the party did not.

*See also* ORS § 20.075(1)(h) (2013); *Fallow v. Bankers Life & Cas. Co.*, No. 1:11–cv–03088–CL, 2013 WL 5160734, at *2–3 (D. Or. Sept. 12, 2013) (apportioning fees between a breach of contract and a tort claim against an insurer under ORS § 742.061 (2013)).

Plaintiff, in her motion for summary judgment, was awarded approximately $365 for a late personal property payment. This award does not entitle plaintiff to fees associated with her additional unsuccessful/unresolved "counts" unless "there are common issues among the claims such that it would have taken roughly the same

---

[6] "[P]laintiff's recovery exceed[ed] the amount of any tender made by the defendant" within "six months from the date proof of loss [was] filed." ORS § 742.061 (2013). In this case, plaintiff technically "recovered" on all of her "counts" through settlement.

amount of time to litigate a case in which the successful claim was the sole claim as it took to litigate the case in which it was one among several claims[.]" *Fadel v. el-Tobgy*, 245 Or. App. 696, 709–710 (2011) (citations omitted) (internal quotation marks omitted).

As indicated *supra* Table 1, this Court made many summary judgment findings regarding plaintiff's "counts" under her breach of contract claim. Plaintiff contends that all of these "counts" "arose from the same policy, the same loss, the same proof of loss, the same duty to investigate the loss, and the same investigation into the loss." Pl.'s Reply to Mot. for Att'y Fees 5, ECF No. 58. This Court is not persuaded.

Plaintiff's differing "counts," although arising under the same contract, represent discreet "issues" within the contract. In other words, plaintiff incurred attorney fees that would not have been incurred had plaintiff solely asserted her successful claim. *See Estate of Smith v. Ware*, 307 Or. 478, 481 (1989) (authorizing attorney fees for an unsuccessful claim where defendant "would have incurred [the costs] whether plaintiffs alleged [the additional claim] or not"). This Court, having granted summary judgment to defendant on four of plaintiff's "counts," finds those "counts" *objectively unreasonable* and/or *meritless*. *See* ORS § 20.075(1)(b) & (d); *see also* Opinion & Order 13, ECF No. 45 ("[P]laintiff's interpretation of [like kind and quality] is unreasonable."). Thus, this Court declines to award attorney fees related to plaintiff's unsuccessful counts (i.e., damages involving "Replacement Dwelling," "Debris Removal," "Ordinance & Law," and "Duty of Good Faith & Fair Dealing") that may be apportioned.

As to plaintiff's remaining unresolved "counts," i.e., damages under "Other Structures" and "Additional Living Expenses," these "counts" did not survive intact. This Court granted summary judgment as to "Other Structure" "replacement-based recovery," Opinion & Order 18,

7 – OPINION AND ORDER

ECF No. 45, and interpreted "like kind and quality" to constrain the "Additional Living Expenses" time period, *id*. at 10–13. Accordingly, this Court reduces any attorney fees solely related to plaintiff's unresolved "counts" to the extent they are *objectively unreasonable* and/or *meritless*.

## II. Calculation

This Court, in determining plaintiff's attorney fees, looks to reasonableness as the lodestar. *See Country Mut. Ins. Co.*, 212 Or. App. at 333. Plaintiff seeks $85,127.73 in attorney fees and expenses for 390.94 hours[7] spent on this case. As an initial matter, this Court reduces the hourly rate for work performed by Mr. Tapper from $225 to $196 an hour and declines to award fees for work performed by legal clerks.[8] This adjustment reduces plaintiff's sought attorney fees and expenses to $77,461.53.

As to the total number of hours sought, this Court declines to award fees for tasks that are "purely clerical or secretarial." *Mo. v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *see also Precision Seed Cleaners v. Country Mut. Ins. Co.*, No. 03:10–cv– 01023–HZ, 2013 WL 5524689, at *17 (D. Or. Oct. 1, 2013). As a result, total hours are reduced as follows: paralegal hours are reduced from 57.47 to 27.69;[9] attorney Tapper's hours from

---

[7] Plaintiff seeks fees at the hourly rates of $225 for 257.8 hours performed by attorney Tapper, $300 for 77.80 hours performed by attorney Taylor, $50 for 57.47 hours performed by paralegal and administrative assistants, and $100 for 1.9 hours of legal clerk time. *See* Decl. of Clinton Tapper 1–2, ECF No. 55; Decl. of Clinton Tapper, 1–2, ECF No. 55-1.

[8] This Court reduces attorney Tapper's hourly rate consistent with his years of practice, the relatively straightforward nature of this case, and plaintiff's failure to provide additional information relating to Tapper's skill and experience. *See* Oregon State Bar Association, *Oregon State Bar 2012 Economic Survey* 29 (2012), http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf (indicating that the hourly rate in the Lower Valley was $196 for the 75th Percentile). Likewise, this Court declines to award fees for work conducted by the legal clerk because plaintiff provided no information as to the legal clerk's qualifications.

[9] This Court declines to award fees for tasks associated with "Print / File," "Scan / Filing," "Calendar," and "File Organization." *See* Decl. of Clinton Tapper 1–28, ECF No. 55-3.

257.8 to 255.1, and attorney Taylor's hours from 77.80 to 76.47.[10] This adjustment reduces plaintiff's sought attorney fees and expenses to $75,055.33.

As to apportionment, plaintiff provides little basis for distinguishing between time spent on her successful claim, i.e., personal property, and time spent on her unsuccessful and unresolved claims. However, this Court, by looking to the various filings and assessing the case as a whole, is able to ascertain a reasonable estimate.

First, this Court granted summary judgment to defendant on four of plaintiff's eight "counts," and restricted plaintiff's recovery on three of the other "counts." *See supra* Table 1. Of these "counts," "Replacement Dwelling," "Personal Property," and "Additional Living Expenses" required greater effort than plaintiff's other "counts." *See, e.g.*, *infra* note 11 ("Replacement Dwelling" filings); Mem. in Supp. of Pl.'s Mot. Summ. J. 3–5, ECF No. 23-1; Pl.'s Reply in Supp. of Mot. Summ. J. 2–4, ECF No. 32; Pl.'s Reply in Supp. of Mot. Summ. J. 1–6, ECF No. 32-1; Pl.'s Reply in Supp. of Mot. Summ. J. 1, ECF No. 32-2. This Court finds that thirty percent of plaintiff's attorney expenses can be reasonably apportioned to plaintiff's "Replacement Dwelling" count.[11] Plaintiff's efforts in furtherance of this "count" included: seeking bids for new homes; corresponding with defendant (telephone, email, and letters); corresponding with client about home improvements; researching case law involving "like kind and quality;" and submitting "Replacement Dwelling" specific briefing. *See supra* note 11.

---

[10] This Court declines to award attorney fees to Mr. Tapper or Mr. Taylor for various "filings" with the Court. *See* Decl. of Clinton Tapper 5, 8, 12, 14, 16, 17, 20–22, ECF No. 55-3; Decl. of Clinton Tapper 2–4, ECF No. 55-2.

[11] *See, e.g.*, Mem. in Supp. of Pl.'s Mot. Summ. J. 6–8, ECF No. 23-1; Decl. of Malinda Hoffman 1–4, ECF No. 24-8 (Mobile Home Valuation Worksheet); Decl. of Malinda Hoffman 1–2. ECF No. 24-9 (Adair quote); Decl. of Malinda Hoffman 1–11, ECF No. 24-10 (Earnest Money Purchase Agreement); Decl. of Malinda Hoffman 1–17, ECF No. 24-15 (pictures of the destroyed home's former interior); Decl. of Malinda Hoffman 3–7, 15–18, ECF No. 24-18 (relevant deposition excerpts); Br. In Supp. of Mot. Summ. J. 1–5, ECF No. 40; Decl. of R. Scott Taylor 1–2, ECF No. 41; Decl. of R. Scott Taylor 1–31, ECF No. 41-7; Decl. of Clinton Tapper 5, 6, ECF No. 55-3 (indicating that plaintiff spent 14.7 hours on her supplemental "Replacement Dwelling" briefing).

Second, this Court's interpretation and application of the various "replacement" requirements under the contract further constrained plaintiff's "counts." For example, plaintiff's "Other Structures" count was restricted to the actual value of her lost qualifying structures, i.e., she was not entitled to additional damages under the "Replacement Other Structures" provision of the contract. *See* Opinion & Order 18, ECF No. 45. Likewise, Plaintiff's "Additional Living Expenses" "count" was restricted to the reasonable replacement period for a manufactured home of "like kind and quality," *id.* at 10–13, 21–23, and plaintiff's "Ordinance & Law Coverage" "count" was precluded for failure to incur actual expenses, *id.* at 18–19. This Court finds that these imbedded issues, *see, e.g.*, "Duty of Good Faith and Fair Dealing," particularly when combined with plaintiff's counts under "Debris Removal" and "Ordinance & Law Coverage," constitute fifteen percent of plaintiff's attorney fees and can be reasonably apportioned.[12] Combined, these apportionment adjustments (forty-five percent) reduce plaintiff's sought attorney fees from $75.055.33 to $41,280.43.

## CONCLUSION

For these reasons, plaintiff's motion for attorney fees, ECF No. 54, is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded attorney fees in the amount of $41,280.43.

IT IS SO ORDERED.

DATED this 10th day of March, 2014.

_____s/ Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**

---

[12] *See, e.g.*, Mem. in Supp. of Pl.'s Mot. Summ. J. 6–10, ECF No. 23-1; Pl.'s Reply in Supp. of Mot. Summ. J 4–8, 10–12, ECF No. 32.

10 – OPINION AND ORDER